IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-92-BO-2
No. 5:16-CV-417-BO

| | |
|---|---|
| CHARLES DAVID CAIN,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)  O R D E R<br>)<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 118]. The government has moved to dismiss the petition, [DE 135], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On November 12, 2008, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count One); armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d) and 2 (Count Two); carrying a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three); escape or attempt to escape from custody, in violation of 18 U.S.C. §§ 751 and 2 (Count Five); and felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g), 924(e)(1) and 2 (Count Six). [DE 63, 64]. On February 9, 2009, the Court sentenced petitioner to 300 months' imprisonment on all counts, with the terms to run concurrently with each other. [DE 93].

On June 18, 2016, petitioner filed the instant motion under 18 U.S.C. § 2255. [DE 118]. Petitioner argues that, in light of *Johnson v. United States*, 125 S. Ct. 2551 (2015), his prior

convictions for unarmed bank robbery and assault with a firearm on a law enforcement officer are not crimes of violence. As a result, petitioner argues that he no longer qualifies for sentencing enhancement as an armed career criminal or career offender. [DE 118 at 4]. The government responded, arguing that the motion should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 135].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

As the residual clause has been held to be unconstitutional, only those convictions which satisfy one of the two remaining provisions of the definition of violent felony—the force clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another") or the enumerated clause ("is burglary, arson, or extortion, involves use of explosives")—remain proper ACCA predicates. "[I]n the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). This definition requires "a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 2 (2004).

Petitioner continues to qualify for enhancement under the ACCA. Even after *Johnson*, petitioner has three qualifying predicates which have been held to be violent felonies under the force clause: a 1987 conviction for North Carolina breaking and entering, *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014) [PSR at 8, ¶ 24]; and two 1991 convictions for

3

federal bank robbery, see *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) [PSR at 11, ¶¶ 31-32].

Additionally, regardless of whether petitioner is a career offender, his base offense level would remain 34. Under USSG § 4B1.4(b)(3)(A), a defendant subject to enhancement as an armed career criminal will have a base offense level of 34 if the defendant used or possessed a firearm in connection with a crime of violence. As stated above, petitioner qualifies for ACCA enhancement because he has three qualifying predicate offenses. In the instant offense, petitioner used a firearm in connection with armed bank robbery, which qualifies as a crime of violence. *See McNeal*, 818 F.3d at 157; [*see* PSR at 5, ¶ 10]. Thus, petitioner's base offense level remains 34 under § 4B1.4(b)(3)(A), regardless of whether he is a career offender. [*See* PSR 19, ¶ 81].

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

4

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 135] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 118] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **20** day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE